UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHERRY G. BRIGMAN,

And

EARL BRIGMAN,
................................................................Plaintiffs................

V.                                                    Civil Action No.: 3:10CV498 (HEH)

THE MEGA LIFE & HEALTH
INSURANCE COMPANY,

And

RICHARD A. WILLIG,
                                                                        Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

COMES NOW plaintiff's Sherry G. Brigman and Earl Brigman (hereinafter collectively referred to as "Brigman") and submit their Memorandum in support of their Motion to Remand this action to the state court from which it was removed, the Circuit Court for the City of Richmond, Virginia.

### Summary of Argument

This action should be remanded to state court as there is no diversity jurisdiction pursuant to 28 U.S.C. §1332 upon which the Notice of Removal was based. There is not complete diversity of citizenship between the parties as Brigman and defendant Richard A. Willig (hereinafter "Willig") are both residents of Virginia. Defendants Notice of Removal was improperly based upon an allegation that Willig was fraudulently joined as a defendant.

## Factual Background

Brigman were individuals and residents of the Commonwealth of Virginia who owned a small business in the City of Richmond, Virginia. Willig was an individual and a resident of Henrico County, Virginia and sold health insurance in Virginia, including the City of Richmond, Virginia. The Mega Life & Health Insurance Company (hereinafter "Mega") was an insurance company with its principal place of business in Texas. Mega sold health insurance policies to individuals and consumers in the Commonwealth of Virginia. Mega sold health insurance through a group of agents who sold the policies to small business owners after inducing them to become members of one of two organizations: the National Association of Self-Employed ("NASE") and the Alliance for Affordable Services ("AAS"). The agents would advise insurance consumers that if they joined either the NASE or the AAS, they were joining large groups of insurance consumers and could obtain group-like insurance at group-like premiums. In November 2005, Willig, acting on behalf of Mega, contacted Brigman at their place of business located in the City of Richmond, Virginia, and induced Brigman to join NASE and AAS ostensibly so that Brigman could then qualify to purchase a policy of health insurance from Mega (hereinafter "the policy"). Willig also induced Brigman to purchase health insurance from Mega.

Willig and Mega represented to Brigman that the policy was tailored to provide adequate health care insurance to small business owners. Mega and Willig advised Brigman that, by joining NASE and AAS, Brigman were joining a large group of insurance consumers and could obtain group-like quality health insurance similar to a major medical policy at group-like premiums. Mega and Willig never advised Brigman that NASE and AAS were actually controlled by MEGA and other companies affiliated with Mega.

Mega and Willig misrepresented to Brigman that the policy was similar to a major medical policy, when in fact the policy had schedules that severely limited coverage. Willig and Mega used written pamphlets and materials during Willig's sales call to Brigman in Richmond, Virginia. Despite the Affidavit of Michelle DeJesus, Brigman asserts that Willig and Mega did not provide Brigman with the insurance certificate attested to by Ms. DeJesus. (See attached Affidavit of Sherry Brigman at ¶2-3) Brigman did eventually receive copies of other documents from Mega that were purported to be Brigman's policy, but these documents were received only <u>after</u> Brigman inquired about unpaid medical bills. It was only then, after most of Brigman's medical bills had been denied by Mega, that Brigman was finally informed of the severe limitations and/or "caps" that Mega placed on coverage, notwithstanding the representations made by Willig to the contrary.

Specifically, Willig, during and after his sales call, repeatedly assured Brigman that the Mega policy he sold would cover <u>at least 80%</u> of any reasonable and medically necessary medical expenses that Brigman incurred after Brigman met an annual $3,000.00 deductible. (See Affidavit of Sherry Brigman at ¶6) However, Willig refused to provide Brigman with a copy of the actual policy. Brigman considered and relied upon misrepresentations made by Willig in making decision to purchase insurance from the defendants in this case including but not limited to: a). that if Brigman joined either the National Association of Self-Employed ("NASE") and/or the Alliance for Affordable Services ("AAS") then they were joining large groups of insurance consumers and could then obtain group-like insurance at group-like premiums, similar to a major medical insurance policy and; 2) if Brigman purchased medical insurance through the Mega Life & Health Insurance Company, then in exchange for payment of certain monthly premium

3

payments, the policy would cover at least 80% of any medical expenses after we met an annual $3,000.00 deductible. (See Affidavit of Sherry G. Brigman at ¶5-6)

In the fall of 2008 and in 2009, Brigman incurred significant medical expenses as a result of a hip replacement surgery, an appendectomy surgery, and various other medically necessary services. It was only then that Brigman learned of the sever coverage limitations of the Mega policy.

## Argument

### I. THIS HONORABLE COURT DOES NOT HAVE JURISDICTION OVER THIS ACTION UNDER 28 U.S.C §1332 AS THERE IS NOT COMPLETE DIVERSITY OF CITIZENSHIP AMONG THE ADVERSE PARTIES AND WILLIG WAS NOT "FRAUDULENTLY JOINED"

#### A. Standard of Review for Motion to Remand and Removal Generally

A district Court's denial of a motion to remand to state court is reviewed *de novo*. *Roche v. Lincoln Property Co.*, 373 F.3d 610, 613 (4th Cir. 2004). The burden of establishing federal jurisdiction lies on the party seeking to litigate in federal court *Gwyn v. Wal-Mart Stores, Inc.* 955 F.Supp. 44, 45 (M.D.N.C (1996) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) Because of inherent federalism concerns, federal courts construe quite strictly their removal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Circ. 1994) "Due regard for the rightful independence of state governments... requires that federal courts scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." *Id.*

#### B. There is Not Complete Diversity Among the Parties

A defendant may remove an action from state court to federal court only if the federal court would have had original jurisdiction over the subject matter of the action. 28 U.S.C. §1441

4

In removing this action to federal Court, Mega and Willig rely exclusively on diversity jurisdiction pursuant to 28 U.S.C. §1332 which requires, among other things, that all adverse parties to the litigation be completely diverse in their citizenships. See *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396 (1978) Mega and Willig do not contest the Complaint's allegation that Willig is a resident of Henrico County, Virginia. (See Complaint, ¶2, Notice of Removal, ¶11) Nor do Mega and Willig contests that Brigman is a resident of Virginia. (See Notice of Removal, ¶9) Rather, Mega and Willig affirmative assert that Willig was "fraudulently" joined to the Complaint. (see argument below)

### B. Willig Was Not Fraudulently Joined To The Complaint As a Cause of Action Exists In Fraud For His Misrepresentations Under Virginia Law

To establish fraudulent joinder, Mega and Willig must demonstrate either that "there is no possibility" that the plaintiff would be able to establish a cause of action against Willig in state court or that "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir.1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)). The defendant's burden is therefore a heavy one, as the standard that applies to fraudulent joinder "is even more favorable to the plaintiff than the standard of review for ruling on a motion to dismiss ...." *Id.*

Brigman has pled a specific cause of action against Willig for fraud. Under Virginia law, a cause of action for fraud requires (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Prospect Dev. Co., Inc. v. Bershader*, 258 Va. 75, 85, 515 S.E.2d 291, 297 (1999) It has long been held in Virginia that when one represents as true that which is not true, and another relies thereon to his damage, the latter may recover for the false

5

representation whether it was knowingly or innocently made. *B-W Acceptance Corp. v. Benjamin T. Crump Co.*, 199 Va. 312, 99 S.E.2d 606 (1957)

Mega and Willig essentially argue that the cause of action for fraud against Willig would not survive in state court because Brigman had a copy of the insurance policy terms at issue in their possession that was contrary to the misrepresentations made by Willig. (See Notice of Removal, ¶15-17) However, Brigman alleged in their Complaint and now re-affirm in the attached Affidavit of Sherry Brigman that they never received the "Certificate of Insurance" identified by Michelle De Jesus. (See Affidavit of Sherry G. Brigman at ¶2-3) In essence, Megan and Willig are arguing a Motion to Dismiss and interjecting the self-serving Affidavit of Michelle DeJesus when there remains a genuine dispute regarding certain facts, i.e. whether the terms of the health insurance policy were in fact disclosed to Brigman.

Mega and Willig also argue that the failure of Willig and Mega to disclose the affiliation of Mega with the NASE and the AAS was immaterial. However, Brigman did in fact rely on Willig's representations that joining the NASE or AAS would allow Brigman to obtain group like insurance coverage at a lower premiums. (See Affidavit of Sherry Brigman at ¶5) Had Brigman known that the very entities that were supposedly negotiating with Mega for lower premiums for their members were in fact owned by or affiliated with Mega, they certainly would have reconsidered purchasing the policy. The Virginia Supreme Court has held that concealment of a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, is as much fraud as if existence of such facts were expressly denied. *Metrocall of Delaware v. Continental Cellular*, 246 Va. 365, 437 S.E.2d 189 (1993) Moreover, Brigman is not required to show that they would not have entered into the transaction but for this single misrepresentation, but can show that this was one of a series of

misrepresentations made by Willig and Mega that were part of a scheme to deceive Brigman and to induce them to purchase the policy.

Based on the foregoing, Willig and Mega have not met their heavy burden to show that there is no possibility that the plaintiffs would be able to establish a cause of action against Willig in state court. Brigman can state a cause of action for fraud against Willig in state court and Willig was not fraudulently joined to the Complaint. Accordingly, there is not complete diversity among the parties and this case should be remanded to the state court.

### C. Willig Was Not Fraudulently Joined To The Complaint As a Cause of Action Exists Under Virginia Law for False Advertising and The Statute of Limitation Has Not Expired

Mega and Willig's argument for fraudulent joinder regarding Count II of the Complaint is based upon an argument that this cause of action would be barred by Virginia's statute of limitations. The Virginia Supreme Court has ruled that the statute of limitations for a cause of action based on false advertising pursuant to Virginia Code §18.2-216 and §59.1-68.3, is two years under Virginia's "catch all" limitation period of Virginia Code §8.01-248. See *Parker Smith v. Sto Corp.*, 262 Va. 432, 439, 551 S.E.2d 615, 619 (2001) However, the Virginia Supreme Court noted that Parker-Smith made no argument on appeal as to when her cause of action had accrued for the purposes of applying Virginia Code §8.01-248. *Id.* at 440 and 619 (see footnote 6) Brigman will argue that this her cause of action for false advertising did not accrue until they discovered the deception and false statements by Willig and that their efforts to do so were stalled by Mega and Willig's unexplained delay in providing a copy of the policy. This Court has held that Virginia's statute of limitations for fraud most closely resembles the federal policies reflected in the Lanham Act (15 U.S.C. §1125) prohibiting fraudulent advertising and addressing claims of deception and false advertising. *See Unlimited Screw Prods., Inc. v. Malm*,

7

781 F.Supp. 1121 (E.D. VA. 1991) Moreover, issues of when a fraud should reasonably have been discovered are typically best left to the trier of fact. *Hansen v. Stanley Martin Cos.*, 266 Va. 345, 585 S.E.2d 567 (2003); accord *Pennsylvania Life Ins. Co. v. Bumbrey* 665 F. Sup. 1190 (E.D. Va. 1987)

Based on the foregoing, Mega and Willig have not met their heavy burden to show that there is no possibility that the plaintiff would be able to establish a cause of action against Willig in state court for false advertising. Brigman can state a cause of action against for false advertising against Willig in state court and Willig was not fraudulently joined to the Complaint. Accordingly, there is not complete diversity among the parties and this case should be remanded to the state court.

### Relief Sought

WHEREFORE, Brigman moves this Honorable Court to remand this action to the Circuit Court for the City of Richmond and for any other relief the court deems just.

SHERRY G. BRIGMAN
EARL BRIGMAN


-s- W. Barry Montgomery
Of Counsel


W. Barry Montgomery, Esquire     (VSB# 43042)
KALBAUGH, PFUND & MESSERSMITH
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Tel:   (804) 320-6300
Fax:   (804) 320-6312
E-mail: barry.montgomery@kpmlaw.com
Counsel for Sherry G. Brigman and Earl Brigman

## Certificate of Service

I hereby certify that on this the 3rd day of August, 2010, I did electronically file the foregoing with the Clerk of Court using the CM/ECF system, which then sent a notification of such filing (NEF) to the following:

Brian E. Pumphrey, Esquire   (VSB# 47312)
Ryan D. Frei, Esquire  (VSB# 70996)
MCGUIREWOODS, LLP
901 East Cary Street
One James Center
Richmond, Virginia 23219
Tel:    (804) 775-1000
Fax:    (804) 775-1061
E-mail:  bpumphrey@mcquirewoods.com
E-mail:  rfrei@mcguirewoods.com
Counsel for Mega Life & Health Insurance Company and Richard A. Willig


-s-   W. Barry Montgomery
W. Barry Montgomery, Esquire      (VSB#  43042)
KALBAUGH, PFUND & MESSERSMITH
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Tel:    (804)   320-6300
Fax:   (804)   320-6312
E-mail:  barry.montgomery@kpmlaw.com
Counsel for Sherry G. Brigman and Earl Brigman