## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **SHERRY G. BRIGMAN,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **EARL BRIGMAN,** | ) |
| | ) |
|        **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 3:10-CV-498 (HEH)** |
| | ) |
| **THE MEGA LIFE & HEALTH** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **RICHARD A. WILLIG,** | ) |
| | ) |
|       **Defendants.** | ) |

### REPLY MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION TO DISMISS

Defendants The MEGA Life & Health Insurance Company ("MEGA") and Richard A.

Willig[1] ("Willig") (collectively "Defendants"), hereby submit their Reply Memorandum in

Support of their Motion to Dismiss Plaintiffs' Complaint.  Neither their legal arguments nor the

Affidavit of Sherry Brigman (the "Brigman Affidavit")[2] alter the conclusion that the Brigmans

---

[1]     Willig was fraudulently joined to this Complaint, as discussed in the removal papers filed with this Court. (*See* Docket #1, Removal by Defendants The MEGA Life & Health Insurance Company and Richard A. Willig.)

[2]     The carefully worded Brigman Affidavit submitted only by Sherry Brigman alleges that neither she nor Earl Brigman "received a copy of the certificate" attached to Defendants' Motion to Dismiss. (*See* Brigman Aff., ¶ 3; Certificate, attached hereto as Exhibit A.)  However, this self-serving affidavit, through which the Brigmans have essentially attempted to amend their Complaint, is improperly before the Court because it contains allegations not present in the Complaint.  Nowhere in their Complaint do the Brigmans allege they did not receive the Certificate or insurance contract.  A "court may not consider additional allegations when ruling

have not alleged facts sufficient to state a claim upon which relief can be granted.   The breach of oral contract claim fails because it is not adequately pled in the Complaint.  Likewise, the Brigmans' fraud claim fails because at the time the alleged fraudulent statements were made, the Brigmans were in possession of the Application[3] -- a written statement that memorialized their coverage selections and therefore directly contradicts their claim that they were unaware of any limits or caps on coverage.  Finally, the Brigmans' statutory false advertising claims are time-barred as a matter of law.

I.      **PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW BECAUSE THEY HAVE NOT ADEQUATELY PLED THE EXISTENCE OF AN ORAL CONTRACT OF INSURANCE.**

In a desperate attempt to avoid acknowledging that their breach of contract claim is belied by the plain terms of the Certificate, the Brigmans assert in their Brief that this claim rests solely on "Willig's oral statements and use of written sales materials which described insurance

---

on a motion to dismiss and must consider the facts asserted in the complaint, and the attached exhibits, to be true." *Davis v. Cole*, 999 F. Supp. 809, 813 (E.D. Va. 1998) (citing *Henthorn v. Dep't of the Navy*, 308 U.S. App. D.C. 36, 29 F.3d 682, 688 (D.C. Cir. 1994)); *see* Moore's Federal Practice, § 12.34[2] ("The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Thus, the allegations now being asserted by the Brigmans through an affidavit should not be considered by this Court in resolving this Motion.

[3]      Defendants regret that they inadvertently omitted from their initial Brief a complete Certificate, including the Application that the Brigmans signed when they applied for insurance coverage.  The Certificate attached to this memorandum is the corrected version.  The Application is part of the Certificate and the Brigmans cannot be heard to complain that the Application has been added because their signatures follow their agreement, under the "Declarations and Agreements" Section "that … (b) this Application will form a part of the [insurance] contract . . . ." (*See* Certificate, at 56.)  Moreover, Plaintiffs' attack on the Affidavit of Michelle deJesus and its contents is misplaced and should be disregarded because that affidavit was filed with Defendants' removal documents only, and Defendants do not rely on that affidavit in support of their motion to dismiss.

of at least 80% of all *covered* expenses."[4]  (Pls.' Resp. to Defs.' Mot. to Dismiss, 5 (emphasis added).)  This claim fails because the Brigmans have failed to plead the required elements of an oral insurance contract.

Virginia recognizes oral contracts of insurance.  *Yates v. Whitten Valley Rental Corp.*, 226 Va. 436, 438 (Va. 1983).  To plead the existence of such a contract, a plaintiff must allege:  (1) the names of the parties to the contract; (2) the subject of the insurance; (3) the risks insured against; (4) the time at which the insurance takes effect and the length of time it is to continue; (5) a statement of the premium; and (6) the conditions pertaining to the insurance.  *Id.*  Here, the Brigmans have failed to plead when the insurance was to take effect, how long it was to continue, how much the premium was, and what risks were insured against through the "policy."   In the absence of allegations sufficient to show the existence of an oral contract of insurance, Count I fails to state a claim for breach of contract and should be dismissed.

## II.   PLAINTIFFS' FRAUD CLAIM IS CONTRADICTED DIRECTLY BY THE INSURANCE CONTRACT, WHICH INCLUDES THE APPLICATION THEY SIGNED IN OCTOBER 2005.

The Brigmans' primary challenge to the Motion to Dismiss Count II is that they never received the Certificate, and as such, were reasonable in relying on Willig's allegedly false representations and the allegedly misleading written materials.  However, the Brigmans' argument is contradicted by the very Application that Mrs. Brigman signed, which Application forms a part of the insurance contract at issue.

Nowhere in the Complaint do the Brigmans allege that they never received the Certificate. Even if the Court were to allow the Brigmans leave to amend the Complaint, the Brigmans could not allege they were not aware of the coverages they purchased.  Included in the Certificate is the

---

[4]     The very fact that the Brigmans recognize that the benefits they expected to receive were up to 80% of the "covered" expenses underscores the fallacy of their contract and fraud claims.

Application that the Brigmans signed on October 28, 2005.[5]   (*See* Certificate, at 52-56.)   The Application reflects their coverage options, all of which are unquestionably "caps" on the benefits they sought.   Additionally, the Application sets forth options under the Health Choice Advantage Benefits Plan they chose, including Riders and Optional elections.   (Certificate, at 52.)   For example, under Room and Board, the Brigmans selected $400 in coverage instead of the maximum $1,000 that was offered.   (*See* Certificate, at 52.)   Similarly, the Brigmans selected $20,000 for "Hospitalization Miscellaneous," when they could have opted for a maximum of $40,000 in coverage.   (*See* Certificate, at 52.)   For Inpatient Surgery, the Brigmans selected $5,000, the minimum offered, instead of $25,000.   (*See* Certificate, at 52.)   By making such choices, the Brigmans themselves selected and placed "caps" on their medical benefits.

Further, even though Mrs. Brigman avers in her Affidavit that neither she nor Mr. Brigman received the Certificate (a fact that that this Court cannot consider on a motion to dismiss, *see* footnote 2, *supra*), the Brigmans cannot seriously claim that they did not know the limits of their coverage elections because the Application (which they signed) directly contradicts that claim. "[A]n individual 'may not reasonably rely upon an oral statement when he has in his possession a contrary statement in writing.'" *Ostolaza-Diaz v. Countrywide Bank, N.A.*, 360 F. App'x 504, 506-07 (4th Cir. 2010) (citing *Foremost Guaranty Corp. v. Meritor Savings Bank*, 910 F.2d 118, 126 (4th Cir. 1990)).   At the time they applied for medical benefits coverage from MEGA, the Brigmans had in their possession a statement in writing that directly contradicts their current claims -- that they were unaware of any limits or caps on coverage.

The Brigmans also contend that their reliance on the relationship between the NASE and the

---

[5]      As noted in footnote 3, *supra*, the Brigmans expressly agreed, under Declarations and Agreements, "that . . . (b) this Application will form a part of the contract . . . ."   (Certificate, at 56.)

AAS was material because "[h]ad Brigman known that the very entities that were supposedly negotiating with MEGA for lower premiums for their members were in fact owned by or affiliated with MEGA, they certainly would have reconsidered purchasing the policy." (Pls.' Resp., 7.)  This argument fails for two reasons.

First, while the Brigmans' opposition memorandum asserts that "they would have reconsidered purchasing the policy" had they been aware of the relationship, this allegation exists only in the self-serving Brigman Affidavit, but appears nowhere in the Complaint.  As such, this allegation should not be considered by the Court because it is outside the pleadings.  *See Davis*, 999 F. Supp. at 813.  Moreover, the Complaint fails on its face to assert that the NASE and AAS membership were the reasons the Brigmans purchased the Certificate, or that the Brigmans would not have purchased the Certificate had they been aware of the relationship.

Second, despite Plaintiffs' conclusory allegation that the relationship between MEGA and NASE/AAS is material, the Court can easily conclude that such a relationship is not material as a matter of law.  A misrepresentation is "material when it influences a person to enter into a contract, when it deceives him to act, or when without it the transaction would not have occurred." *Persaud Cos. v. IBCS Group, Inc.*, 2010 U.S. Dist. LEXIS 34183 (E.D. Va. Apr. 5, 2010) (citing *J.E. Robert Co. v. J. Robert Co.*, 231 Va. 338, 343 S.E.2d 350, 355 (Va. 1986) (quoting *Packard Norfolk v. Miller*, 198 Va. 557, 95 S.E.2d 207, 211-12 (Va. 1956))).  The Brigmans make no attempt to explain how the affiliation between MEGA and the NASE/AAS could be considered legally material so that it court support a fraud claim.  Because the relationship between MEGA and the NASE/AAS is not material as a matter of law and is not alleged to be material, Count II should be dismissed with prejudice.

The Application reflects the Brigmans' choice of coverages and it clearly demonstrates the

"caps" on the benefits they received.  A review of their selections readily reveals the infirmity of their fraud claim because by selecting their deductibles, room and board, hospital outpatient, inpatient and surgical coverages, the Brigmans agreed to "caps" on coverage.  Thus, Plaintiffs' fraud claim fails because they had in their possession the "caps" that they themselves selected.

## III.   UNDER VIRGINIA LAW, THE STATUTE OF LIMITATIONS FOR STATUTORY FALSE ADVERTISING ACCRUES AT THE TIME OF PUBLICATION.

Plaintiffs attempt to avoid the dismissal of their statutory false advertising claim by asserting that the Virginia Supreme Court has not expressly ruled when the cause of action accrues.  Citing no Virginia precedent, Plaintiffs boldly assert that their claim did not accrue "until they discovered the deception and false statements by Willig."  (Pls.' Resp., 8.)  Significantly, Plaintiffs fail to explain why the holdings in *Glass v. Trafalgar House Property, Inc.*, 58 Va. Cir. 437, 443 (Loudoun County 2002), and *Fix v. Eakin/Youngtob Assocs., Inc.*, 61 Va. Cir. 604, 606 (Alexandria City 2002), should not be applied here.

In *Glass*, the court held that a cause of action for statutory false advertising accrues "at the time of publication of the prohibited material with the purpose of inducing the public to enter into an obligation" and that this generally coincides when a purchase is made based on the misleading advertising.  *Glass*, 58 Va. Cir. at 443.  In *Fix*, the court held that the cause of action for false advertising accrued when the contract for the home was signed, and any reliance on false advertising must have taken place before the contract was signed.  *Fix*, 61 Va. Cir. at 606.  The Brigmans do not attempt to distinguish these cases, but instead claim that because the plaintiff in *Parker-Smith v. Sto Corp.*, 262 Va. 432, 439, 551 S.E.2d 615, 619 (2001), did not argue the issue of accrual on appeal, that the issue is unsettled in Virginia.  This is obviously wrong.

The Brigmans assert they were misled by written materials presented to them in November of 2005, (Compl. ¶ 9), and as such this is when their false advertising claims accrued.  As a result,

there can be no actionable statutory false advertising claims, because, even if true, such claims accrued no later than November of 2005, and this claim is time barred and should be dismissed with prejudice.[6]

## CONCLUSION

Therefore, for the reasons stated above, The MEGA Life & Health Insurance Company and Richard A. Willig respectfully request that the Court dismiss the Complaint in its entirety with prejudice.

Dated: August 12, 2010

Respectfully submitted,

THE MEGA LIFE & HEALTH
INSURANCE COMPANY AND
RICHARD A. WILLIG

/s/_____
Brian E. Pumphrey (VSB # 47312)
Ryan D. Frei (VSB # 70996)
Evan E. Miller (VSB # 77084)
MCGUIREWOODS LLP
901 East Cary Street
One James Center
Richmond, Virginia 23219-4030
804.775.1000 (v)
804.775.1061 (f)
bpumphrey@mcguirewoods.com
rfrei@mcguirewoods.com
emiller@mcguirewoods.com

-and-

Kathleen H. Dooley
*Admitted Pro Hac Vice*
McGuireWoods LLP (NC 28889)
100 North Tyron Street
Charlotte, NC 28202
704.373.8999 (v)

---

[6]     The statute of limitations for statutory false advertising is two years. *See* Va. Code Ann. § 8.01-248; *Parker-Smith*, 262 Va. 439, 551 S.E.2d at 619.

704.44.8755 (f)
kdooley@mcguirewoods.com

*Counsel for The MEGA Life & Health*
*Insurance Company and Richard A. Willig*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2010, a true copy of the foregoing was filed using the

Court's CM/ECF system, which will send electronic notice of such filing to:

> W. Barry Montgomery, Esq.
> KALBAUGH, PFUND & MESSERSMITH
> 901 Moorefield Park Drive, Suite 200
> Richmond, Virginia 23236

> <u>/s/</u>_____
> Brian E. Pumphrey (VSB # 47312)
> Ryan D. Frei (VSB # 70996)
> Evan E. Miller (VSB # 77084)
> MCGUIREWOODS LLP
> 901 East Cary Street
> One James Center
> Richmond, Virginia 23219-4030
> 804.775.1000 (v)
> 804.775.1061 (f)
> bpumphrey@mcguirewoods.com
> rfrei@mcguirewoods.com
> emiller@mcguirewoods.com
>
> -and-
>
> Kathleen H. Dooley
> *Admitted Pro Hac Vice*
> McGuireWoods LLP (NC 28889)
> 100 North Tyron Street
> Charlotte, NC 28202
> 704.373.8999 (v)
> 704.44.8755 (f)
> kdooley@mcguirewoods.com
>
> *Counsel for The MEGA Life & Health*
> *Insurance Company and Richard A. Willig*