UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **SHERRY G. BRIGMAN, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   Civil Action No. 3:10CV498 (HEH) |
| | ) |
| **THE MEGA LIFE & HEALTH** | ) |
| **INSURANCE COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT

Defendants The MEGA Life & Health Insurance Company ("MEGA") and Richard A. Willig ("Willig") (collectively "Defendants"), hereby submit their Response to Plaintiffs' Motion to Remand this matter to state court. For the reasons stated below, Plaintiffs' Motion should be denied because Willig, a Virginia resident, was fraudulently joined to the Complaint. As such, removal to this court was proper and this Court should deny Plaintiff's Motion to Remand.

### ARGUMENT

**A. Willig was fraudulently joined to Count II of the Complaint because Plaintiffs' alleged reliance on Willig's statements was unreasonable and the alleged misrepresentations were not material.**

The fraudulent joinder doctrine allows the removal of an action to federal court "where the citizenship of the parties dictates otherwise." *17th St. Assocs. v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 595 (E.D. Va. 2005). More specifically, under the doctrine, a district court is "permit[ted] . . . to assume jurisdiction over a case even if there are named defendants who

lack diversity at the time the case is removed." *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 817 (E.D. Va. 2005); *see also Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The doctrine applies if "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Mayes*, 198 F.3d at 464 (internal quotations and citation omitted); *see also AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (explaining that "a joinder is fraudulent if . . . there [is] no colorable ground" for seeking a judgment against a nondiverse defendant) (internal quotations and citation omitted); *Harris v. Webster*, 2008 U.S. Dist. LEXIS 72271, at *4 (E.D. Va. Sept. 23, 2008) ("[E]ven after resolving all issues of law and fact in favor of the plaintiff, there is no feasible claim that can be asserted against the non-diverse defendant in state court.").[1]

The Brigmans' fraud claim is primarily based on their assertions that the terms of their medical benefits coverage were never disclosed to them, and that they were misled by statements made by Willig when they enrolled in their MEGA policy. (*See* Compl. ¶¶ 5-14, 18-22.) The Brigmans also assert in their Motion to Remand that they "alleged in their Complaint and now re-affirm in the attached Affidavit of Sherry Brigman that they never received the 'Certificate of Insurance'" identified by Defendants. (Pls.' Mem. in Supp. of Mot. to Remand, 6; *see* Affidavit of Sherry Brigman ("Brigman Aff."), ¶ 3.) However, the Complaint falls short of such an assertion in that it merely asserts that the Brigmans did not receive "a written explanation of the

---

[1] As Judge Payne noted in *Beaudoin v. Sites*, 886 F. Supp. 1300 (E.D. Va. 1995), the proper fraudulent joinder inquiry is "whether there is a reasonable possibility that a state court would rule against [the nondiverse defendant]." *Id.* at 1302. In making this determination, a court is "not bound by the allegations of the pleadings, but may instead consider the entire record," using "any means available." *AIDS Counseling & Testing Centers*, 903 F.2d at 1004 (internal quotations and citation omitted). Courts are free to consider additional sources of evidence, such as affidavits, "particularly when doing so may provide the only way . . . [to] protect a litigant's right to a federal forum based on diversity jurisdiction." *Linnin*, 372 F. Supp. 2d at 819 (internal quotations and citation omitted).

2

terms and conditions of the MEGA policy regarding the benefits provide[d] or excluded services," (Compl. ¶ 10.)) Nevertheless, their allegation is directly contradicted by the Application submitted and signed by the Brigmans when they enrolled in the MEGA policy, which Application expressly forms a part of the insurance contract at issue, namely, the Certificate.[2]

The Brigmans signed the Application on October 28, 2005. (*See* Certificate, at 52-56.) The Application set forth their coverage options, all of which unquestionably include "caps" on the benefits they sought. Additionally, the Application reflects their Health Choice Advantage Benefits Plan choices, including Riders and Optional elections. (Certificate, at 52.) For example, under Room and Board, the Brigmans selected $400 in coverage instead of the maximum $1,000 that was offered. (*See* Certificate, at 52.) Similarly, the Brigmans selected $20,000 for "Hospitalization Miscellaneous," when they could have opted for a maximum of $40,000 in coverage. (*See* Certificate, at 52.) For Inpatient Surgery, the Brigmans selected $5,000, the minimum offered, instead of $25,000. (*See* Certificate, at 52.) By making such choices, the Brigmans themselves selected and placed "caps" on their medical benefits.

Even though Mrs. Brigman avers in her Affidavit that neither she nor Mr. Brigman received the Certificate, the Brigmans cannot seriously claim that they did not or could not know the "caps" on their coverage elections because the Application (which they signed) directly contradicts that claim. "[A]n individual 'may not reasonably rely upon an oral statement when he has in his

---

[2] Defendants regret that they inadvertently omitted from their initial Removal documents a complete Certificate, including the Application that the Brigmans signed when they applied for insurance coverage. The Certificate attached as Exhibit A to the Affidavit of Michelle deJesus, which is attached to this Memorandum as Ex. 1, is the corrected version. The Brigmans cannot be heard to complain that the Application has been added because their signatures follow their agreement, under the "Declarations and Agreements" Section "that … (b) this Application will form a part of the [insurance] contract . . . ." (*See* Certificate, at 56.) On its face, the Application is part of the Certificate.

3

possession a contrary statement in writing.'" *Ostolaza-Diaz v. Countrywide Bank, N.A.*, 360 F. App'x 504, 506-07 (4th Cir. 2010) (citing *Foremost Guaranty Corp. v. Meritor Savings Bank*, 910 F.2d 118, 126 (4th Cir. 1990)). At the time they applied for medical benefits coverage from MEGA, the Brigmans had in their possession a writing that directly contradicts their current claims -- that they were unaware of any limits or caps on coverage.

The Brigmans also contend that their reliance on the relationship between the NASE and the AAS was material because "[h]ad Brigman known that the very entities that were supposedly negotiating with MEGA for lower premiums for their members were in fact owned by or affiliated with MEGA, they certainly would have reconsidered purchasing the policy." (Pls.' Mem. in Supp., 6.) Notwithstanding Plaintiffs' conclusory allegation that the relationship between MEGA and NASE/AAS is material, the argument fails as a matter of law. A misrepresentation is "material when it influences a person to enter into a contract, when it deceives him to act, or when without it the transaction would not have occurred." *Persaud Cos. v. IBCS Group, Inc.*, 2010 U.S. Dist. LEXIS 34183 (E.D. Va. Apr. 5, 2010) (citing *J.E. Robert Co. v. J. Robert Co.*, 231 Va. 338, 343 S.E.2d 350, 355 (Va. 1986) (quoting *Packard Norfolk v. Miller*, 198 Va. 557, 95 S.E.2d 207, 211-12 (Va. 1956))). The Brigmans make no attempt to explain how the affiliation between MEGA and the NASE/AAS could be legally material so that it could support a fraud claim. Thus, Plaintiffs' claim for fraud asserted against Willig would not survive in state court.

**B. The statute of limitations on the statutory false advertising claim has run because it accrued no later than November 2005.**

Plaintiffs attempt to avoid the dismissal of their statutory false advertising claim by asserting that the Virginia Supreme Court has not expressly ruled when the cause of action accrues. Citing no Virginia precedent, Plaintiffs boldly assert that their claim did not accrue "until they discovered the deception and false statements by Willig." (Pls.' Mem., 7.) Significantly, Plaintiffs fail to explain

4

why the holdings in *Glass v. Trafalgar House Property, Inc.*, 58 Va. Cir. 437, 443 (Loudoun County 2002), and *Fix v. Eakin/Youngtob Assocs., Inc.*, 61 Va. Cir. 604, 606 (Alexandria City 2002), should not be applied here.

In *Glass*, the court held that a cause of action for statutory false advertising accrues "at the time of publication of the prohibited material with the purpose of inducing the public to enter into an obligation" and that this generally coincides when a purchase is made based on the misleading advertising. *Glass*, 58 Va. Cir. at 443. In *Fix*, the court held that the cause of action for false advertising accrued when the contract for the home was signed, and any reliance on false advertising must have taken place before the contract was signed. *Fix*, 61 Va. Cir. at 606. The Brigmans do not attempt to distinguish these cases, but instead claim that because the plaintiff in *Parker-Smith v. Sto Corp.*, 262 Va. 432, 439, 551 S.E.2d 615, 619 (2001), did not argue the issue of accrual on appeal, that the issue is unsettled in Virginia. This is obviously wrong.

The Brigmans assert they were misled by written materials presented to them in November of 2005, (Compl. ¶ 9), and as such this is when their false advertising claims accrued. As a result, there can be no actionable statutory false advertising claim against Willig, because, even if true, such claim accrued no later than November of 2005, and this claim is time barred.[3] Because the false advertising claim is time barred against Willig, the claim would also not survive in state court. As a result, Willig should be dismissed as a fraudulently joined party and this Court should deny Plaintiffs' Motion to Remand.

---

[3] The statute of limitations for statutory false advertising is two years. *See* Va. Code Ann. § 8.01-248; *Parker-Smith*, 262 Va. 439, 551 S.E.2d at 619. Moreover, Plaintiffs applied for insurance coverage on October 28, 2005, ostensibly after they met with Willig and received the so-called written materials. Thus, their false advertising claim should be treated as time-barred as of October 28, 2005. For purposes of this motion, however, the distinction is moot because regardless whether it was October or November of 2005, the false advertising claim is time-barred.

## CONCLUSION

Therefore, for the reasons stated above, The MEGA Life & Health Insurance Company and Richard A. Willig respectfully request that the Court deny Plaintiffs' Motion to Remand this action to the Circuit Court for the City of Richmond.

Dated: August 19, 2010

Respectfully submitted,

THE MEGA LIFE & HEALTH INSURANCE COMPANY AND RICHARD A. WILLIG


/s/_____
Brian E. Pumphrey (VSB # 47312)
Ryan D. Frei (VSB # 70996)
Evan E. Miller (VSB # 77084)
MCGUIREWOODS LLP
901 East Cary Street
One James Center
Richmond, Virginia 23219-4030
804.775.1000 (v)
804.775.1061 (f)
bpumphrey@mcguirewoods.com
rfrei@mcguirewoods.com
emiller@mcguirewoods.com

-and-

Kathleen H. Dooley
*Admitted Pro Hac Vice*
McGuireWoods LLP (NC 28889)
100 North Tyron Street
Charlotte, NC 28202
704.373.8999 (v)
704.444.8755 (f)
kdooley@mcguirewoods.com


*Counsel for The MEGA Life & Health Insurance Company and Richard A. Willig*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2010, a true copy of the foregoing was filed using the Court's CM/ECF system, which will send electronic notice of such filing to:

    W. Barry Montgomery, Esq.
    KALBAUGH, PFUND & MESSERSMITH
    901 Moorefield Park Drive, Suite 200
    Richmond, Virginia 23236

    /s/_____
    Brian E. Pumphrey (VSB # 47312)
    Ryan D. Frei (VSB # 70996)
    Evan E. Miller (VSB # 77084)
    MCGUIREWOODS LLP
    901 East Cary Street
    One James Center
    Richmond, Virginia 23219-4030
    804.775.1000 (v)
    804.775.1061 (f)
    bpumphrey@mcguirewoods.com
    rfrei@mcguirewoods.com
    emiller@mcguirewoods.com

    -and-

    Kathleen H. Dooley
    *Admitted Pro Hac Vice*
    McGuireWoods LLP (NC 28889)
    100 North Tyron Street
    Charlotte, NC 28202
    704.373.8999 (v)
    704.44.8755 (f)
    kdooley@mcguirewoods.com

    *Counsel for The MEGA Life & Health Insurance Company and Richard A. Willig*