## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**SHERRY G. BRIGMAN,**

**And**

**EARl BRIGMAN,**

                                                  **Plaintiffs**

**V.**                                  **Civil Action No.: 3:10CV498 (HEH)**

**THE MEGA LIFE & HEALTH**
**INSURANCE COMPANY,**

**And**

**RICHARD A. WILLIG,**

                                          **Defendants.**

### PLAINTIFFS' REBUTTAL TO DEFENDANTS' RESPONSE TO MOTION TO REMAND CASE TO STATE COURT

COME NOW plaintiffs Sherry G. Brigman and Earl Brigman (hereinafter collectively referred to as "Brigman") pursuant to Rule 7(F) of the Rules of this Honorable Court, and submit their Rebuttal to the Defendants' Response to Motion to Remand Case to State Court, previously filed herein.

### Argument

**A.  Willig Was Not Fraudulently Joined to Count II of the Complaint As Brigman Has Plead Reasonable Reliance on Material Misrepresentations by Willig and Mega**

Mega and Willig have failed to meet their burden to establish that there is "no possibility that plaintiff would be able to establish a cause of action against the in-state defendant (Willig) in state court" *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)  Mega and Willig's sole

argument is that Brigman has not pled reasonable reliance. This argument is based on Mega and Willig's self serving allegations that Brigman allegedly had a document in their possession that contracted the misrepresentations made by Willig and therefore Brigman could not have reasonably relied on misrepresentations made by Willig.

Mega and Willig have only now submitted to the Court a purported application signed by Brigman in support of their Response to the Motion for Remand. (See Response at page 3, footnote 2) The purported application is attested to by Michelle DeJesus as being part of an insurance certificate issued to Brigman. However, the purported application, even if accepted by this Court, is cryptic at best and on its face does not clearly disclose the severe limitations on coverage.

The case of *Ostolaza-Daiz v. Countrywide Bank, N.A.*, 360 F. App'x 504 (4th Cir. 2010) includes important language that Mega and Willig chose not to include in their Response.   The *Ostolaza-Diaz* case dealt with a real estate transaction where the plaintiffs were provided with legally required Truth In Lending Act disclosures regarding the financing terms.  The Fourth Circuit held that "At closing, they were presented with documents that **unambiguously spelled out** the terms of the loan and contradicted Falcone's (the loan officer) oral statements." See *Ostolaza-Diaz* at 506-507 (**emphasis added**) Mega and Willig have offered absolutely no evidence as to what statements were made by Willig during his sales calls to Brigman and have not contracted Brigmans Affidavit (nor the allegations of the Complant) that Willig misrepresented the terms of the insurance coverage.

This action involves multiple issues of fact and application of law to those facts including: what misrepresentations were made by Willig, whether the purported insurance certificate was in fact given to Brigman and when was it given to them, and whether the

purported insurance certificate <u>unambiguously</u> contradicts the misrepresentation made by Willig. Mega and Willig's argument that there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant is without merit.

B. **The Statute of Limitations Has Not Expired For Brigman's Claim for Statutory False Advertising As The Claim Did Not Accrue Until The Fall of 2008**

Mega and Willig's argue in their Response that Brigman is "obviously wrong" in their argument that issue of accrual of the cause of action for statutory false advertising is unsettled in Virginia. (See Response at page 5) However, conspicuously absent from their Response is *any* Virginia appellate decision resolving the issue of when the cause of action accrues for statutory false advertising.  Mega and Willig then argue that this Court is somehow bound by the decisions of two Virginia circuit court judges in cases that did not involve insurance contracts but again involve the sale of real estate (the *Glass* and *Fix* cases). Judge Horne in *Glass* opined that:

> "Plaintiffs seek to recover damages against the defendants for deceptive advertising. <u>Va.Code Ann. §§ 18.2-216</u>, <u>59.1-68.3</u>. The statute of limitations is two years for such claims. <u>Va.Code Ann. § 8.01-248</u>; *Parker-Smith v. Sto. Corp.*, 262 Va. 432 (2001). The plaintiffs' right of action accrued and the two year limitation period began to run ... from the date the injury is sustained in the case of **injury to person or damage to property** ..." <u>Va.Code Ann. § 8.01-230</u>….(**emphasis added**)"

Brigman's cause of action involved not personal injuries or property damage from the sale of real estate but claims for fraud in the inducement to enter into an insurance contract and false advertising in connection with an insurance contract. Thus, both the *Glass* and the *Fix* case are readily distinguishable from this case and, in any event, not binding on this Court.

Moreover, the Virginia Supreme Court in *Parker-Smith* specifically noted that "Parker-Smith does not raise **any issue** regarding when her false advertising claims accrued for purposes of applying the limitations period in Code § 8.01-248." *Id.* at 440 and 619 (see footnote 6)

3

(**emphasis added**) The Virginia Supreme Court held that the limitations period and the accrual period for fraud did not apply to claim for statutory false advertising. *Id.* However, the Virginia Supreme Court did not decide what accrual period would apply as it was not argued in the appeal. Thus, contrary to the defendant's bald assertion, the accrual issue has not been decided in Virginia. The Circuit Court for the City of Richmond may very well find that Brigman's cause of action accrued on the date that Mega denied Brigman's claims for coverage of medical bills in the fall of 2008 and in 2009.

<u>Conclusion</u>

Based on the foregoing, Mega and Willig have not met their heavy burden to prove that there is "no possibility" that the plaintiff would be able to establish a cause of action against Willig in state court. See *Hartley v. CSX Trans., Inc.,* 187 F.3d 422, 424 (4th Cir.1999) Because of inherent federalism concerns, federal courts construe quite strictly their removal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Circ. 1994) "Due regard for the rightful independence of state governments… requires that federal courts scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." *Id.*

Mega and Willig invite this Honorable Court to exercise diversity jurisdiction over a relatively minor dispute involving citizens of the same state. They ask this Court to determine that Willig could "not possibly" be held liable in state court and, in so doing, they ask this Court to make findings of fact and then apply state law to those facts based on the very limited evidence before the court. Mega and Willig then further ask this Honorable Court to rule on the application of Virginia's statute on accrual of causes of action (8.01-230) to Virginia's false advertising statute when the Virginia Supreme Court has not yet ruled on this issue.

**Relief Sought**

WHEREFORE, Brigman moves this Honorable Court to remand this action to the Circuit Court for the City of Richmond, Virginia.

**SHERRY G. BRIGMAN**
**EARL BRIGMAN**


**-s-  W. Barry Montgomery**
**Of Counsel**


W. Barry Montgomery, Esquire        (VSB#  43042)
KALBAUGH, PFUND & MESSERSMITH
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Tel:     (804)   320-6300
Fax:     (804)   320-6312
E-mail:  barry.montgomery@kpmlaw.com
Counsel for Sherry G. Brigman and Earl Brigman


**Certificate of Service**

I hereby certify that on this the 20th  day of August, 2010, I did electronically file the foregoing with the Clerk of Court using the CM/ECF system, which then sent a notification of such filing (NEF) to the following:

Brian E. Pumphrey, Esquire   (VSB# 47312)
Ryan D. Frei, Esquire  (VSB# 70996)
MCGUIREWOODS, LLP
901 East Cary Street
One James Center
Richmond, Virginia 23219
Tel:     (804) 775-1000

Fax:    (804) 775-1061
E-mail:  bpumphrey@mcguirewoods.com
E-mail:  rfrei@mcguirewoods.com
Counsel for Mega Life & Health Insurance Company and Richard A. Willig


-s-    W. Barry Montgomery
W. Barry Montgomery, Esquire        (VSB#  43042)
KALBAUGH, PFUND & MESSERSMITH
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Tel:    (804)   320-6300
Fax:    (804)   320-6312
E-mail:  barry.montgomery@kpmlaw.com
Counsel for Sherry G. Brigman and Earl Brigman